PER CURIAM.
In this Bar discipline proceeding, we review a recommendation of the referee dated October 7, 1971, that respondent Richard B. Austin, a member of The Florida Bar, be publicly reprimanded for his conduct in disbursing the proceeds of a settlement negotiated on behalf of his client with the Government Employees Insurance Company. Neither side has requested a hearing.
In pertinent part, the report of the referee reads as follows:
“After consideration of the pleadings, exhibits and evidence before me, I find that:
“1. That on March 10, 1969, Respondent received $1315.67 which he was under a duty to forthwith transmit to Mrs. Shirley T. Milstead of RFD #2, *143 Maple Avenue, Saratoga Springs, New York, 12886.
“2. That Respondent neglected and refused to transmit said sum to Mrs. Milstead until disciplinary action had been instituted.
“3. That on April 5, 1971, Respondent paid $1305.93 of said sum and paid an additional $231.44 on April 12, 1971, thereby restoring to Mrs. Milstead the sum due plus interest at the rate of 8% per annum during the period of some two years delay.
“RECOMMENDATION OF GUILT
“It is recommended that Respondent be found guilty of violation of Rule 11.02(4) of Article XI of the Integration Rule (effective as of June 15, 1968), Canon 11 of the Canons of Professional Ethics (effective as of May 11, 1966) and Rule 1 of Additional Rules (effective as of December 6, 1955) Governing the Conduct of Attorneys in Florida; that is to say, that Respondent violated his professional responsibility with respect to trust funds.
“RECOMMENDATION OF DISCIPLINE
“It would be difficult to overstate the remorse and regret of Respondent for the unprofessional conduct which he had acknowledged and cooperated with Bar counsel in establishing. The complexities of the normal practice of law, under normal circumstances, are multiplied many times when a lawyer gets into financial difficulty and many times more when his office is padlocked by the Internal Revenue Service. While such facts mitigate the degree of discipline recommended, they do not in any way excuse the guilt found or the seriousness of the violation.
“The finding of guilt alone, and the imposition of any discipline, is an added handicap to Respondent who is seeking to make his way in the practice of law, “sadder but wiser” for this experience.
“Accordingly, it is recommended that the Respondent suffer a public reprimand at a time and place, and under such circumstances as the Board of Governors shall determine.”
Having examined the record and the report, we now approve the findings and recommendations of the referee. Therefore, it is the judgment of this Court that this opinion shall constitute a public reprimand of respondent, Richard B. Austin. Execution is hereby directed to issue for costs against respondent.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.