PER CURIAM.
In this Bar discipline proceeding, we review a recommendation of the referee dated November 4, 1971, that respondent Frank Clyde Reese, a member of The Florida Bar, be publicly reprimanded for converting to his own use the funds of two clients. The Bar, while agreeing with the referee’s findings of fact, views the punishment as inadequate and seeks the imposition of harsher penalties.
In pertinent part, the findings and recommendations of the referee are as follows:
“FINDINGS OF FACT
“After considering all of the pleadings, depositions, testimony, exhibits and evidence before me, I find the following:
“1. The respondent voluntarily accepted representation of the Estate of Mones Gross, deceased, and pursuant to such representation, filed a Petition for Probate of the Will of said decedent in the County Judges’ Court of Duval County, Florida, on December 22, 1966.
“2. On or about December 28, 1966, the Atlantic National Bank of Jacksonville, Florida, issued its cashier’s check in the amount of Seven Hundred Seventy-Eight and 58/100 Dollars ($778.58) payable to said estate and said check was cashed and the proceeds received by the respondent.
“3. That the respondent failed to complete the probate of said estate and did willfully convert the Seven Hundred Seventy-Eight and 58/100 Dollars ($778.-58) to his own uses and purposes and thereafter, failed to pay said money to the beneficiaries of said estate who were rightfully entitled to said money.
“4. The respondent repeatedly ignored letters, telephone calls and personal demands for an accounting of said funds and a delivery of said funds to those rightfully entitled to same.
“5. That on or about November 29, 1969, in a second transaction, the respondent received One Thousand Two Hundred Dollars ($1,200.00) from Henry J. Hughes, which said sum of money was to be retained by the respondent in trust as the down payment on a home being sold by a client of the respondent, Mr. Robert P. Salmon. The said sum of One Thousand Two Hundred Dollars ($1,200.00) was not retained in trust by the respondent, but to the contrary, was converted by him to his own uses.
“6. That although repeated demands were made for the consummation of the *795 real estate closing and for an accounting of the monies received by the respondent, he refused to complete the transaction and refused to account for the money in his possession until the month of April, 1970, when respondent informed Mr. Salmon in a telephone conversation that he no longer had the funds.
“7. That the law office of the respondent was closed on April 2 of 1970 and all assets therein seized and put under lock and key by the Internal Revenue Service of the United States until on or about June 9, 1970.
"8. The respondent on or about August 30, 1971, made restitution of the sum of Seven Hundred Seventy-Eight and 58/100 Dollars ($778.58) to the beneficiaries under the Will of Mones Gross, deceased; and also, on said date, made restitution of the One Thousand Two Hundred Dollars ($1,200.00) to Mr. Robfert P. Salmon.
“9. That according to representation of the attorney for the respondent, the respondent has made application for employment in the legal field with a federal agency and that respondent intended to pursue that type of employment in lieu of further private practice of law in Florida.
“RECOMMENDATION OF REFEREE
“It is recommended that respondent be found guilty as charged in the Complaint, and particularly that he has violated Rule 11.02 of Article XI of the Integration Rule [32 F.S.A.], Canons 1 and 9 of the Canons of Professional Ethics, and Canons 1, 7 and 9 of the Code of Professional Responsibility [32 F.S.A.] governing the conduct of attorneys in the State of Florida.
“RECOMMENDATION OF DISCIPLINE
“It appears to the Referee that the actions of the respondent in comingling clients’ funds with his own and thereafter, converting them to his own use, were not done with the intent to deprive clients of said funds, but were brought about by extreme personal financial hardship. The conduct of respondent, no matter how serious his personal hardship may have been, is no excuse for his conduct, but is a factor considered by the Referee in making a recommendation of discipline. Also considered by the Referee is the respondent’s desire to become a salaried employee of a federal agency as a lawyer instead of continuing in the private practice of law.
“It is recommended that the respondent be administered a public reprimand and that he pay the costs of these proceedings.”
The Bar contends that the punishment is inadequate in view of (1) the gravity of the offenses committed; (2) respondent’s failure to make timely restitution; and (3) a “scheme or plan by respondent to take advantage and abuse the trust and confidence reposed in him as a member of the Bar” revealed by the evidence. We note, with regard to the latter contention, that respondent has previously been disciplined by this Court for commingling his client’s funds with his own. In that case, The Florida Bar v. Reese, 247 So.2d 718 (Fla.1971), respondent repaid the monies prior to the institution of disciplinary proceedings against him; we concluded that a public reprimand was adequate discipline.
Normally, the fact of prior disciplinary proceedings involving an attorney appearing before us in a second disciplinary action would result in the imposition of harsher penalties for the subsequent of *796 fense, especially where the second offense is similar to that for which discipline has already been imposed. Hére, however, it appears that all three instances of commingling and/or conversion occurred during the same time period, at a time when respondent was suffering from great personal financial hardship. Respondent has committed no new offenses since the imposition of penalties in The Florida Bar v. Reese, supra. Therefore, we are inclined to view these present instances of misconduct more leniently than we otherwise would. Accord, The Florida Bar v. Pritikin, 259 So.2d 138 (Fla.1972).
Admittedly, in The Florida Bar v. Reese, supra, respondent promptly repaid the funds commingled; he did not do so here. However, the case bears a strong resemblance to The Florida Bar v. Austin, 259 So.2d 142 (Fla.1972), in which we determined a public reprimand to be sufficient discipline for an attorney who commingled the funds of his client, although the attorney failed to repay the funds until disciplinary action had been instituted against him. The decisive factor in that case was the padlocking of respondent’s office by agents of the Internal Revenue Service, making it virtually impossible for respondent to conduct business normally or make arrangements for the repayment of the funds converted. Sub judice, respondent’s office was also padlocked by the Internal Revenue Service for a time, thus adding immeasurably to his difficulties in attempting to straighten out his already tangled affairs.
We are favorably impressed also by the fact that respondent plans to leave private practice and seek a salaried position with the federal government. Such a move will undoubtedly remove much of the opportunity for respondent to become embroiled in financial difficulties in the future. Accordingly, in our judgment, a public reprimand is sufficient discipline to comport with fairness to the public, the legal profession and to respondent. This opinion shall constitute a public reprimand of respondent, Frank Clyde Reese.
However, in view of the fact that respondent mishandled the funds of three different clients on three separate occasions, we are convinced that, should he elect to return to private practice, adequate financial supervision by the Bar is imperative. Therefore, in addition to the public reprimand administered herein, it is ordered, pursuant to Integration Rule 11.10(1), that respondent keep the Bar advised at all times during the forthcoming year of both his place of employment and the nature of his employment. If at any time during the said year respondent should cease to hold a salaried position with the federal or state governments, and/or return to private practice, the Board of Governors is instructed to set up a supervisory scheme to aid respondent in keeping his financial affairs in order.
Because we are convinced that the administration of such a supervisory scheme, including the appointment of a member of The Florida Bar as supervisor, if required, is more properly within the competence of the Board of Governors of The Florida Bar than this Court, the cause is hereby remanded to that body for implementation of the details of respondent’s probation. Should respondent fail to meet the obligations imposed upon him by this opinion, the Bar shall petition this Court for reconsideration of the judgment entered herein, and an appropriate judgment shall be entered. Execution is hereby directed to issue for costs against respondent in the amount of $564.18.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, and McCAIN, JJ., concur.
BOYD, J., dissents with opinion.
DEKLE, J., dissents and agrees with BOYD, J.