PER CURIAM.
The Florida Bar, asking for disbarment, seeks review of the referee’s recommended discipline in this bar grievance case. We approve the referee’s report and adopt his recommendation of discipline. That report reads as follows:
FINDINGS OF FACT
From the evidence, the Referee finds:

Case No. 61,276:

Count 1. (a) In 1978, Respondent was representing a defendant, llene Lucas, in a foreclosure case pending in the Circuit Court, St. Johns County, Florida. In the course of the litigation, there was a change in the interest of the plaintiff, and Respondent undertook to and did secure a former associate (Giles P. Lewis) to sign an appearance as counsel for the plaintiff. Mr. Lewis did so as an accommodation for Respondent, advising him that as he was to go on the bench on January 1,1979, the matter would have to be completed before that date.
(b) After Mr. Lewis became a County Judge, Respondent (without the knowledge of Lewis) signed Lewis’ name as attorney for the Plaintiff to a Motion for Final Judgment.
(c) Upon learning of Respondent’s action in signing the name of Lewis, the Circuit Judge set aside the Judgment and cited Respondent for contempt. After hearing and on June 30, 1980, the Judge entered a “Judgment of Criminal Contempt” which contained the following:
“The Defendant has shown no cause why he should not be adjudicated in contempt of this Court. Defendant has failed to show any mitigating circumstances when given the opportunity to do so. Defendant is thus adjudicated in constructive criminal contempt of this Court and fined $1,000.00”.
(d) Prior to this incident the Court had warned Respondent that he could not represent both the Plaintiff and a Defendant in this case. See Respondent’s (Defendant’s) Exhibit 2, Pages 12-15. Notwithstanding, Respondent signed the name of then County Judge Giles P. Lewis as attorney for the Plaintiff.
*496 Count 2. (a) In 1974, Respondent was retained to handle a small estate. In mid-1974, he filed a Petition for probate and did nothing further until March 1975. After a foreclosure was filed on property in the estate, Respondent’s client discovered he had done nothing and fired him.
(b) Respondent was charged with not properly handling a legal matter entrusted to him, and entered a conditional guilty plea “in exchange for a private reprimand” by The Board of Governors. The conditional plea provided that Respondent for a period of two years would not handle any matters in the “probate and estate area” and would furnish staff counsel of The Florida Bar “an affidavit on his compliance with the terms of probation on a quarterly basis”.
(c) On July 6, 1978, the “Private Reprimand” was administered.
(d) Respondent failed to furnish staff counsel with the affidavits due May 1979, August 1979, November 1979 and February 1980, until the May 27,1980, meeting of the 4th Judicial Circuit Grievance Committee “C”.
(e) By letters dated October 9, 1979, and November 15, 1979, The Florida Bar called Respondent’s delinquencies to his attention. Respondent ignored the letters and failed to respond to telephone calls made by Assistant Staff Counsel on October 25 and October 29, 1979.
Case No. 61,583:
(a) On February 13, 1979, Respondent agreed to represent llene Lucas in a potential malpractice action against then attorney (now Judge) Charles Mitchell, and received the sum of $35.00 from her.
(b) Respondent investigated the claim and determined that there was no basis for a malpractice claim. However, he never informed Lucas of his opinion or of his intention not to file a malpractice claim against Mitchell.
(c) Any claim which Lucas had against Mitchell became barred by the statute of limitations. However, there is no indication that there was any merit to the claim.
RECOMMENDATIONS AS TO FINDING OF GUILT
It is recommended that Respondent be found guilty of misconduct justifying disciplinary measures as follows:
1. Signing the name of then County Judge Giles P. Lewis to a Motion for Judgment for Plaintiff against the Defendants, one of whom was represented by the Respondent in said foreclosure action; and that in doing so, Respondent violated Disciplinary Rules 1 — 102(A)(4) and (6), as charged in Count 1 of the complaint in Case No. 61,276.
2. Failing to file quarterly affidavits as required by his said conditional plea of guilty; and that such failure constitutes conduct adversely reflecting on his fitness to practice law and is a violation of Disciplinary Rule 1-102(A)(6), as charged in Count 2 of the Complaint in Case No. 61,276.
3. Agreeing to represent a client in a potential malpractice action against an attorney, and then failing to inform the client that his investigation indicated that there was no basis for such a claim, as a consequence of which any claim was barred by the statute of limitations; and that in doing so, Respondent violated Disciplinary Rule 7-101(A)(2), as charged in the Complaint in case No. 61,583.
It is further recommended that Respondent be found not guilty of violating Disciplinary Rules 7-102(A)(5), (7), and (8) (Count 1) and 1-102(A)(4) (Count 2) as charged in the Complaint in case No. 61,276. The conduct does not fall within the intent of said Rules, but rather within the other rules as set forth in paragraphs numbered 1 and 2 next above.
RECOMMENDATIONS AS TO DISCIPLINARY MEASURE TO BE APPLIED
As appears from the next section of this Report, Respondent (beginning in 1968) has been guilty of misconduct for which he has been disciplined on three occasions. In the Private Reprimand administered July 6, *497 1978, the Board of Governors advised the Respondent “that this Board will treat harshly any future violation by you of our ethical standards”. This made little impression on Respondent as he failed to file affidavits with the Bar as required, beginning in May 1979.
As Respondent has demonstrated the lack of a sense of responsibility, and has not profited from previous disciplinary measures, serious consideration has been given to a recommendation of disbarment. However, it is noted that in connection with a prior disciplinary measure the Court (263 So.2d 794, Text 796) observed:
“We are favorably impressed also by the fact that Respondent plans to leave private practice and seek a salaried position with the federal government.”
If Respondent still entertains the thought of leaving private practice, disbarment would greatly prejudice him in procuring employment. Therefore, instead of disbarment, it is recommended that Respondent be suspended from the practice of law for the period of three (3) years, and thereafter until he shall demonstrate that he is entitled to be reinstated by making the showing required by Rule 11.11, Article XI of the Integration Rule of The Florida Bar.
STATEMENT OF PAST DISCIPLINARY MEASURES
The following disciplinary measures have been administered to Respondent:
1. A Public Reprimand on May 12, 1971, for withholding funds belonging to a client, co-mingling them with his own funds, and using them for payment of a personal obligation. The Florida Bar vs. Frank Clyde Reese (Fla.) 247 So.(2d) 718.
2. A Public Reprimand on June 14, 1972, for converting to his own uses and purposes the sum of $778.58 in 1966, which belonged to the beneficiaries of an estate he represented, and subsequently (in 1969) coverting to' his own use the sum of $1,200.00 received in trust as a down payment on a house. The Florida Bar vs. Frank Clyde Reese (Fla.) 263 So.2d 794.
3.A Private Reprimand on July 6, 1978, for failing to properly handle (doing nothing) an estate he was retained to handle.
STATEMENT OF COSTS
Costs in this proceeding total $1,413.49. It is recommended that such costs be taxed against Respondent, and that he be required to pay them within thirty days after any disciplinary measure becomes final.
Accordingly, Frank Clyde Reese is suspended from the practice of law for a period of three (3) years, and thereafter until he demonstrates that he is entitled to be reinstated pursuant to rule 11.11, article XI of the Integration Rule of the Florida Bar. This suspension shall be effective November 8, 1982, thereby giving Respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients, and it is ordered that Respondent shall not accept any new business.
Costs in the amount of $1,413.49 are due and payable to the Florida Bar within thirty (30) days of the filing of this opinion.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and McDONALD, JJ., concur.