TER CURIAM.
This cause is here on petition of Benedict A. Silverman, respondent, to review the judgment of the Board of Governors of The 'Florida Bar that he be suspended from the practice of law for a period of one year and thereafter until he shall have demonstrated to the Board of Governors and to this Court his rehabilitation and fitness to resume the practice of law and that he pay the costs of these proceedings in the sum of $355.55.
The complaint charged that respondent tforged certain mortgages, releases, satisfactions, assignments and affidavits and used the forged documents to obtain substantial sums of money from one or more persons, including a client, and converted to his own use some $12,000.00 received on behalf of a client.
The findings of fact, incorporated in the ’Report of the Referee, are as follows:
“As to the acts complained of, it was readily admitted by the Respondent that be was guilty of such acts.
'“From the uncontradicted testimony, it is the undersigned’s opinion that the Respondent recognizes the gravity of the mistakes made by him, and since the committing of such acts has undergone a change, has repented and has rehabilitated himself and is accepted and believed by his present clients to be a man of integrity and trustworthiness.”
The Referee’s summary of evidence is as follows:
“The testimony submitted to the undersigned was confined to the testimony offered by the Respondent, as the Respondent admitted in his testimony that he had committed the acts set forth in the Complaint — as he did in his Answer — and testified that full restitution of any misused funds had been made, and thereafter proceeded to produce some 19 witnesses as character witnesses. These witnesses in 'substance testified that the Respondent had completely rehabilitated himself; that he had made every effort to gain his self-respect and to make amends for his wrongdoings; that they find him now to be completely trustworthy and honest and have no hesitancy in recommending him or using him as their counsel.
“I will not comment explicitly upon the evidence, the sole contention of the Respondent being that since having committed the acts complained of he had made full restitution, repented his acts of wrongdoing and has completely rehabilitated himself, and since no testimony was submitted by the attorney for The Bar to contradict any of the testimony offered by the Respondent, it must be accepted that Respondent has completely and fully rehabilitated himself and completely accepts his wrongdoings, misconduct and unethical practices.”
We have examined the record and heard argument of counsel. Our conclusion is the respondent is guilty as charged. According to the referee’s report he has made complete restitution. It is the judgment of this Court that the respondent be suspended from the practice of law for a period of one year and thereafter until he shall have demonstrated to the Board of Governors his fitness to re *444 sume the practice of law and shall have paid the costs of these proceedings in the amount of $355.55.
It is so ordered.
THORNAL, C. J., THOMAS and CALDWELL, JJ., and McMULLEN, Circuit Judge, concur.
ERVIN, J., dissents.