PER CURIAM.
This is a disciplinary proceeding involving Respondent Joel Rubin, a member of The Florida Bar.
Respondent Joel Rubin was charged by the U. S. government with falsely endorsing United States Savings Bonds registered in the name of Mary Buttice. According to Respondent, a woman claiming to be Mrs. Buttice asked him to redeem them for her for a fee. She gave several reasons for not redeeming them herself, the last of which was that her husband was on trial for tax evasion and the bonds had never been declared. Respondent said he obtained a power of attorney from the woman. He endorsed the bonds “Mary Buttice,” but without referring to said power of attorney, and attempted to redeem them by sending Mrs. Veronica Peace, a former savings and loan employee, to a bank with them. Mrs. Peace was to receive $5,000 as her fee. She became suspicious and notified law enforcement agents. They discovered the bonds had been stolen several years earlier from their owner, the real Mrs. Buttice. Respondent was arrested. He was convicted in a U. S. District Court of the charge above mentioned and sentenced to three years’ imprisonment. The 5th Circuit Court of Appeals affirmed, Rubin v. United States, 414 F.2d 473 and the U. S. Supreme Court denied his certiorari petition, 396 U.S. 1011, 90 S.Ct. 571, 24 L.Ed.2d 503.
The Florida Bar filed a complaint against Respondent also charging him with *6 attempting to redeem the bonds by falsely making and forging Mrs. Buttice’s endorsement. In addition, he was charged with conspiring with others to commit the offense. The Referee found that he was guilty of the former, but not the latter charge. In addition, the Referee found his conduct violated the Integration Rule of The Florida Bar, and certain of Canons of Professional Ethics and the Additional Rules Governing the Conduct of Attorneys in Florida. He recommended his disbarment and that Respondent should be reinstated as a member of The Florida Bar only upon a showing “of an understanding of the Code of Ethics governing the conduct of attorneys in the practice of law in the State of Florida.” Costs and expenses were charged against Respondent. The Board of Governors concurred in and adopted the findings and recommendations of the Referee.
Respondent contends that in neither the criminal trial nor the Bar proceedings was there ever presented any evidence showing criminal intent on his part. He states that the federal conviction is not conclusive on the question of guilt, and that his disbarment should be reversed since there has been no proof that he committed the act of endorsing the bonds with criminal intent. Throughout the proceedings he maintained he was innocently duped by the imposter.
The Florida Bar contends the requisite showing of criminal intent was present because the Respondent admitted the following, all of which we agree are inconsistent with proper, professional behavior:
1. He signed the name of Mary Buttice on the bonds.
2. He required no identification from the woman impersonating Mrs. Buttice.
3. He did not sign the bonds with a notation that he was acting under a power of attorney from Mrs. Buttice, but rather he merely endorsed them “Mary Buttice” or “Mrs. Mary Buttice.”
4. He signed the bonds without determining whether they were the ones for which he had the alleged power of attorney.
5. He admitted it was very easy for the owner of Series E bonds to cash them.
6. He believed the woman impersonating Mrs. Buttice would not have accepted a check, but required cash for the redeemed bonds.
The recommendation and findings of The Florida Bar’s Referee and of the Board of Governors of The Florida Bar are accepted and approved by us.
It is the judgment of this Court that Respondent Joel Rubin be and he is hereby disbarred from the practice of law in the State of Florida and that he pay the costs of these proceedings in the amount of $267.80.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON,' ADKINS and BOYD, JJ., concur.