338 So.2d 818 (1976)
THE FLORIDA BAR, Complainant,
v.
Normon F. SOLOMON, Respondent.
No. 48850.
Supreme Court of Florida.
September 23, 1976.
Rehearing Denied October 15, 1976.
Jack F. Durie, Jr., Bar Counsel, Miami, and John A. Weiss, Asst. Staff Counsel, Tallahassee, for complainant.
Robert L. Achor, and William A. Meadows, Jr., of Rollins, Peeples & Meadows, South Miami, for respondent.
BY THE COURT.
This matter is here to review the report of a referee in a bar disciplinary matter finding Norman F. Solomon guilty of violating the Code of Professional Responsibility and recommending a one year suspension from practice, with proof of rehabilitation required for readmission. On review of the amended report, Solomon does not challenge the referee's findings as to guilt, and having reviewed the record independently we conclude that these findings are supported in the record.
Solomon asks us to reduce the recommended discipline from a one year suspension to a public reprimand, on the grounds:
1. that his only misconduct, a 1973 misdemeanor conviction for failing to file a 1969 federal income tax return, occurred at least six years ago;
2. that unrebutted evidence was presented to the referee demonstrating that he has led an exemplary professional life since his income tax conviction; and
3. that in comparable cases before this Court a public reprimand has been issued for the failure to file an income tax return.
The Florida Bar urges that we uphold the referee's disciplinary recommendation on the grounds:
1. that the time delay from Solomon's tax conviction until our review of the referee's amended report was not attributable to delays chargeable to the Bar, but rather arose from protracted proceedings which moved as expeditiously as counsel for both sides would allow; and
2. that prior decisions of this Court have approved suspensions from the practice of law in cases where a conviction for failure to file an income tax return follows prior *819 breaches of professional discipline, a situation which exists here.[1]
We have consistently held that prior disciplinary action is relevant to the imposition of discipline for breach of the Code of Professional Responsibility. E.g., The Florida Bar v. Poller, 203 So.2d 323 (Fla. 1967). And see Fla. Bar Integr. Rule, Article XI, Rule 11.06(9)(a)(4). None of the "failure to file" cases cited by Solomon involved prior offenders.
On the other side, we take note of Solomon's contention that he has demonstrated on the record a showing of fitness to practice law and moral character from the time of his federal tax conviction to date. That period of professional integrity is also relevant. As the Bar's contentions point to suspension as appropriate discipline for multiple breaches of professional conduct, so too does Solomon's showing point to mitigation. A showing that an attorney has been contrite, honest, professional and well-behaved during the pendency of disciplinary proceedings against him does not, however, fully abrogate the need for discipline.
As in The Florida Bar v. Childs, 195 So.2d 862 (Fla. 1967), we affirm the referee's finding of guilt and direct that Solomon be suspended from the practice of law for a period of six months, effective December 1, 1976. Additionally, we direct that Solomon be eligible for reinstatement upon showing proof of rehabilitation, application for which may be filed at any time after the expiration of 90 days from the effective date of his suspension. We further direct in this proceeding, and recommend in all future bar proceedings of a similar nature, that The Florida Bar return to this Court with its recommendations for or against the termination of suspension not later than the date on which a Court-ordered suspension would terminate by lapse of time alone.
Costs in the amount of $1,206.26 are hereby taxed against Respondent.
OVERTON, C.J., ROBERTS, BOYD and ENGLAND, JJ., and MILLS, District Court Judge, concur.
NOTES
[1] Solomon was given a private reprimand in 1970 and again in a different matter in 1974. He was also suspended from practice before the U.S. District Court for the Southern District of Florida in 1967 for "willful interference with the administration of justice." The Bar notes that Solomon also admitted before the referee that he had failed to file federal income tax returns for the years 1966 through 1968.