PER CURIAM.
In its complaint, The Florida Bar charged bar member Norman Solomon with three counts of failure to diligently prosecute matters entrusted to him. Respondent agreed to represent a client whose hand had been severed by a machine at his place of employment. On behalf of the client, respondent filed suit against the machine’s manufacturer, the machine’s installer, and against the client’s doctor for malpractice. Respondent did not pursue the suit against the manufacturer or the installer. The former is either still pending or has been dismissed for lack of prosecution; the latter was dismissed without prejudice and is now barred by the statute of limitations. Respondent did not inform his client as to the progress, or lack thereof, or status of these causes. Respondent pursued the malpractice claim until his suspension from the practice of law for an unrelated matter.*
Respondent and the bar entered into a stipulation, later submitted to the referee, whereby respondent admitted his guilt conditioned upon his receiving not more than a three-year suspension from the practice of law, the suspension “to commence at the *1053 time of the acceptance of the offer to plead guilty.” The referee reviewed the conditional plea and recommended that it be accepted. Because the bar was itself dilatory, however, in advancing the instant proceeding (the referee noted that the proceeding had endured from February 20, 1979, to April 23, 1981, and that bar counsel failed to attend one of the scheduled final hearings), the referee recommended that the three-year suspension commence at the date respondent could have petitioned for reinstatement.
We accept the conditional guilty plea but reject the referee’s recommended suspension commencement date. We find the more appropriate date for the suspension to commence, given the bar’s neglect, is the date on which respondent entered the plea, February 10, 1981. Respondent shall pay the cost of these proceedings, $388.00.
It is so ordered.
SUNDBERG, C. J., and ADKINS, OVER-TON, ALDERMAN and McDONALD, JJ., concur.

 See The Florida Bar v. Solomon, 338 So.2d 818 (Fla.1976). Respondent has not petitioned for reinstatement.