PER CURIAM.
This disciplinary proceeding is before us on two complaints of The Florida Bar and the contested report of the referee. We have jurisdiction. Art. V., § 15, Fla. Const.
In case number 68,198, a client had entered into an option agreement with Harold Hart to purchase one-fourth of the outstanding shares of Hart Enterprises, Inc. The option, was to be exercised no later than June 25, 1983. On June 24, 1983, respondent prepared and hand-delivered a letter to Hart on behalf of his client purporting to exercise an option to purchase one-third of the shares of Hart Enterprises, Inc. Hart refused to transfer any shares to respondent’s client. Respondent subsequently filed suit against Hart on behalf of his client to enforce the option agreement. Respondent failed to attach copies of the option agreement and June 24, 1983 letter to the complaint as required by Florida Rule of Civil Procedure 1.130. Hart’s attorney filed a motion to dismiss for failure to attach the necessary exhibits. At the hearing on the motion to dismiss, respondent exhibited a copy of the June 24 letter purporting to exercise the option to purchase shares of Hart Enterprises. Respondent testified at the disciplinary hearing that the letter he exhibited at the hearing contained the type-written words “one-third,” but that the word “third” had been crossed out and the word “fourth” written in its place. Hart’s attorney testified that the letter which had been presented at the hearing on the motion to dismiss had nothing crossed out and purported to exercise an option to purchase one-third rather than one-fourth of the outstanding shares of Hart Enterprises. When respondent finally filed a copy of the option agreement and letter purporting to exercise the agreement, the word “fourth” was handwritten over the word “third.” Respondent did not notify the court that the copy of the letter he filed had been altered or that it was not a true copy of the original delivered to Hart. At the disciplinary hearing, respondent claimed that he had told his secretary to correct the error but was not sure it had been done. At the grievance committee hearing, respondent’s secretary, however, stated that respondent had told her that he would take care of the error.
The referee found that respondent had violated Disciplinary Rules 1-102(A)(4) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); 1-102(A)(5) (lawyer shall not engage in conduct that is prejudicial to the administration of justice); 1-102(A)(6) (lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law); 7-102(A)(3) (lawyer shall not conceal or knowingly fail to disclose that which he is required by law to reveal); 7-102(A)(5) (lawyer shall not knowingly make a false statement of law or fact); *1230 7-102(A)(6) (lawyer shall not participate in the creation of evidence when he knows or it is obvious that the evidence is false); and 7-102(A)(8) (lawyer shall not knowingly engage in other illegal conduct contrary to a Disciplinary Rule).
Case number 68,512 contains two counts. Count I alleges conflict of interest on the following facts. Respondent did replevin work for Barnett Banks of Florida, Inc. In 1982, respondent attempted to represent a client (Mr. Perfetto) in a suit against Statewide Collection Corporation but withdrew as counsel when he was informed by Leo Myers, an employee of Statewide, that Statewide was a wholly owned subsidiary of Barnett. A few years later, however, a member of respondent’s firm (J. Thomas McKeel) represented a client (James C. Rohman) against Statewide.
Leo Myers testified at the disciplinary hearing that respondent called him and told him that “Tom” had filed something (a motion to dismiss) “to slow down the system” so a settlement could be worked out. Respondent later sent a letter and stipulation to Statewide on behalf of the client, Rohman. The stipulation was on a form identical to those used by Statewide. Respondent testified that he did not view his “representation” of Rohman as a conflict of interest with his ongoing representation of Barnett Banks of Florida, Inc. in that all he was trying to do was keep Statewide from getting sued.
The referee found respondent guilty of violating Disciplinary Rules 5-105(A) (lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment); 5-105(C) (lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each); and 5-105(D) (if a lawyer is required to decline employment or to withdraw from employment under DR-105, no partner or associate of his may accept or continue such employment).
In Count II, respondent was charged with failing to satisfy an outstanding judgment lien. The lien was recorded against Helen Sebra in 1970. In 1973, respondent acted as a “closing agent” in a sale of property between Sebra and Gateway Chemicals, and retained sufficient monies in an escrow account to satisfy the lien. Sebra’s attorney inquired about the money in 1973, and in June 1985, Sebra’s new attorney notified respondent that the judgment lien had never been satisfied. In November 1985, respondent assured the grievance committee that he would be happy to satisfy the judgment and did so in April 1986. At the referee’s hearing, respondent testified that he had forgotten about the money. He said that his partner did all the trust account reconciliations in 1973 and never noticed any extra money. He further testified that when the partnership ended there was no extra money in the trust accounts.
The referee found that respondent had violated Disciplinary Rules 1-102(A)(4) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); 6-101(A)(3) (lawyer shall not neglect a legal matter entrusted to him); 9-102(B)(3) (lawyer shall maintain complete records of all funds, securities, and other properties in the possession of the lawyer which the client is entitled to receive); 9-102(B)(4) (lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive); and Integration Rule 11.02(4) (lawyer shall keep careful track of trust accounts).
After finding respondent guilty of the violations outlined above, the referee recommended that respondent be suspended from the practice of law for a period of not less than six months and thereafter until he has proved his rehabilitation as provided in Integration Rule 11.10(4) and passed the ethics portion of The Florida Bar.
A referee’s findings of fact will be upheld unless clearly erroneous or wholly *1231 lacking in evidentiary support. The Florida Bar v. Golden, 502 So.2d 891 (Fla.1987); The Florida Bar v. Fields, 482 So.2d 1354 (Fla.1986). After careful review of the record, we find that there is evidentiary support for the referee’s findings. Additionally, we find the recommended discipline in this case is appropriate in light of the number of violations and respondent’s prior disciplinary history (two private reprimands). Compare The Florida Bar v. Greenspahn, 386 So.2d 523 (Fla.1980) (failure to maintain client’s funds in trust account, to promptly pay such funds to clients when requested, and to promptly return fees and costs advanced after failure to perform legal services warranted a six-month suspension with proof of rehabilitation in light of cumulative misconduct and prior disciplinary history). Accordingly, we adopt the referee’s report and recommendations in this case.
Respondent is hereby suspended for a period of not less than six months effective thirty days from the date of this opinion, thereby giving respondent sufficient time to take the necessary steps to protect his current clients. Respondent shall accept no new clients or legal business from the date of this opinion until the expiration of his suspension. This suspension shall continue until respondent has proved rehabilitation, including successful passage of the ethics portion of the Florida Bar Examination.
Judgment for costs in the amount of $2,202.75 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.