530 So.2d 928 (1988)
THE FLORIDA BAR, Complainant,
v.
W. Furman BETTS, Respondent.
No. 64979.
Supreme Court of Florida.
September 22, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Steve Rushing, Branch Staff Counsel, Tampa, and Jan Wichrowski, Asst. Bar Counsel, Orlando, for complainant.
Richard T. Earle, Jr. of Earle and Earle, St. Petersburg, for respondent.
PER CURIAM.
This cause is before the Court for consideration of a contested referee's report in a disciplinary proceeding instituted by The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee's findings of fact as to the first count reflect that respondent was retained to prepare the will of his client, Claude Fairfield. Subsequently, two codicils were prepared during a time when Fairfield was in a rapidly deteriorating physical and mental state. In the first codicil, Fairfield removed his daughter and son-in-law as beneficiaries. Respondent spoke with his client on several occasions in an effort to persuade him to reinstate his daughter.
Subsequently, respondent prepared the second codicil to reach this result. However, when the codicil was presented to Fairfield, he was in a comatose state. In his findings, the referee determined that the second codicil was not read to Fairfield, that Fairfield made no verbal response when respondent presented the codicil to *929 him, and that the codicil was executed by an X that respondent marked on the document with a pen he placed and guided in Fairfield's hand.
As to Count I, the referee recommended that respondent be found guilty of violating Disciplinary Rule 1-102(A)(5) (engaging in conduct that is prejudicial to the administration of justice) and Disciplinary Rule 1-102(A)(6) (conduct that adversely reflects on his fitness to practice law) of the Code of Professional Responsibility. The referee further recommended that respondent be given a private reprimand for his actions, and recommended that he be placed on probation for a period of one year.
As to the second count, the referee found that respondent was not guilty of improperly advancing funds to another attorney associated with him in the representation of the Fairfield estate.
We adopt the findings of fact of the referee, which are not contested by either party. The sole dispute is over the severity of the discipline.
We agree with the Bar that the recommendation of the referee is inappropriate. Improperly coercing an apparently incompetent client into executing a codicil raises serious questions both of ethical and legal impropriety, and could potentially result in damage to the client or third parties. It is undisputed that respondent did not benefit by his action and was merely acting out of his belief that the client's family should not be disinherited. Nevertheless, a lawyer's responsibility is to execute his client's wishes, not his own.
The Florida Bar asks that a public reprimand be imposed, and we concur. Accordingly, it is the judgment of this Court that attorney W. Furman Betts, Jr., is publicly reprimanded by publication of this opinion in the Southern Second reporter.
Judgment for costs in the amount of $828.50 is hereby entered against W. Furman Betts, Jr., for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.