PER CURIAM.
This proceeding is before the Court on the petition of Frederick E. Graves challenging the referee’s recommendation that Graves be suspended from the practice of law for a period of six months. We have *609 jurisdiction[1] and approve the referee’s report.
The facts found by the referee reveal numerous instances of misconduct by Graves in his representation of three clients. First, while representing a defendant charged with aggravated assault, Graves withdrew as counsel without giving adequate notice to his client. Second, while representing a different client in a civil matter, he failed to answer the complaint, resulting in a default against his client; he failed to file a timely brief after filing a notice of appeal; he was tardy in attending a scheduled hearing on damages and gave his client insufficient notice of that hearing; he completely missed other scheduled appointments; he failed to supply a court reporter at a hearing although his client requested that he do so; and he withdrew as counsel without obtaining the required leave of court. Finally, while representing another client in a foreclosure sale of her property, he filed frivolous pleadings, unreasonably delayed the sale, and withdrew as counsel without obtaining leave of court and without taking the appropriate steps to prevent prejudice to his client.
The referee found Graves guilty of numerous violations of the Florida Bar Code of Professional Responsibility,[2] including Disciplinary Rule 1-102(A)(6) (engaging in conduct adversely reflecting on one’s fitness to practice law), two violations of Disciplinary Rule 2-110(A)(2) (withdrawing as legal counsel without taking the reasonable steps necessary to prevent prejudice to the client), two violations of Disciplinary Rule 6-101(A)(3) (neglecting a legal matter), Disciplinary Rule 6-101(A)(2) (handling a legal matter without adequate preparation), Disciplinary Rule 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and Disciplinary Rule 2-110(A)(l) (withdrawing from employment without the required permission).
The referee recommended that Graves be suspended for six months and thereafter until proof of rehabilitation, and that he be placed on probation for three years upon reinstatement. The referee also recommended that during this period Graves be required to submit quarterly status reports on all pending cases to The Florida Bar and furnish copies of these reports to an attorney appointed by The Florida Bar to supervise Graves. Finally, the referee recommended that Graves be required to successfully complete the ethics portion of The Florida Bar examination.
We agree with the referee. The referee properly took into consideration Graves’ prior disciplinary violations. Graves received private reprimands in both 1984 and 1986. Subsequently, this Court suspended Graves for ten days in The Florida Bar v. Graves, 608 So.2d 344 (Fla.1987). Because of his prior misconduct and the fact that the instant action involves cumulative misconduct, we find the suspension recommended by the referee is fully warranted. See The Florida Bar v. Vemell, 374 So.2d 473 (Fla.1979); The Florida Bar v. Solomon, 338 So.2d 818 (Fla.1976).
Accordingly, we approve the referee’s report and suspend Frederick E. Graves from practicing law for a period of six months, effective April 6, 1989. Reinstatement will be granted only upon proof of rehabilitation. As part of his rehabilitation, Graves will be required to successfully complete the ethics portion of The Florida Bar examination. Upon reinstatement, Graves will be placed on probation for three years, and, during this time, he will be required to submit quarterly status reports on all pending cases to The Florida Bar and furnish copies of these reports to an attorney appointed by The Florida Bar. Judgment for costs in the amount of $2,898.01 is entered against Frederick E. Graves, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

. Art. V, § 15, Fla. Const.

. The Florida Bar Code of Professional Responsibility was in effect until January 1, 1987.