559 So.2d 1123 (1990)
THE FLORIDA BAR, Complainant,
v.
Gene M. KICKLITER, Respondent.
No. 74025.
Supreme Court of Florida.
April 5, 1990.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and David R. Ristoff, Branch Staff Counsel, Tampa, for complainant.
Richard T. Earle, Jr. of Earle and Earle, St. Petersburg, for respondent.
PER CURIAM.
The Florida Bar, seeking disbarment, petitions for review of a referee's report which recommends that Kickliter be suspended from the practice of law. We have jurisdiction. Art. V, § 15, Fla. Const. After studying this case, we conclude that disbarment is warranted.
In December 1987 a man asked Kickliter to prepare a new will, excluding his sons in favor of his grandchildren, for him. The client gave Kickliter the necessary information on December 15, and Kickliter prepared the will that day. The client died the evening of December 15 or early morning of December 16 without seeing or signing the new will. After discussing the effect of the will's not being signed with one of the client's granddaughters, Kickliter forged his client's signature on the new will. He had two of his employees witness the forged signature, and Kickliter, himself, notarized the self-authenticating clause. He then submitted the forged will for probate.
In March 1988 the granddaughter talked with Kickliter about the likelihood of the forgery being revealed. Kickliter advised her it would be discovered only if one of them disclosed it. The woman was wearing a sheriff's office listening device during this conversation, and, shortly afterwards, the state charged Kickliter with forgery, uttering a forged instrument, and taking a false acknowledgment, all third-degree felonies. Kickliter pled guilty to the three charges in August 1988, and the court withheld adjudication and placed him on three years' probation with conditions. This Court suspended Kickliter on September 8, 1988, effective October 10, 1988.
After a hearing on the bar's complaint, the referee recommended finding Kickliter guilty of the following Rules Regulating The Florida Bar: 3-4.3 (commission of a felony); 4-3.1 (a lawyer shall not bring a frivolous proceeding); 4-3.3(a)(1) (a lawyer shall not knowingly make a false statement to a tribunal); 4-3.3(a)(2) (a lawyer shall not knowingly fail to disclose a material fact to a tribunal); 4-3.4(a) (a lawyer shall not unlawfully alter, etc., a document); 4-3.4(b) (a lawyer shall not fabricate evidence, etc.); 4-8.4(b) (a lawyer shall not commit a criminal act reflecting adversely on honesty, trustworthiness, or fitness to practice law); 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, etc.); and 4-8.4(d) (a lawyer shall not engage in conduct prejudicial to the administration of justice). Neither side challenges the recommended finding of guilt, and we approve it. The referee also recommended a two-year suspension, from October 10, 1988, "provided however, if [Kickliter] has not completed his period of probation ... by said time he shall be suspended *1124 until he completes said period of probation and, further, until he proves his rehabilitation for a maximum suspension period of three (3) years." The bar now contends that disbarment is appropriate for a lawyer who, with intent to deceive the court, knowingly submits a false document to a court.
The preamble to chapter 4 of the Rules Regulating The Florida Bar states: "Lawyers are officers of the court and they are responsible to the judiciary for the propriety of their professional activities." In taking the oath of admission to the bar one must swear to "never seek to mislead the Judge or Jury by any artifice or false statement of fact or law." Kickliter's forging his client's signature on the will was serious misconduct. He compounded his misconduct by having two of his employees witness the forgery, thereby compromising them as well as himself. Submitting the will for probate was even more egregious. By that act Kickliter violated the precepts quoted above and committed fraud on the court.
We recognize that the referee found substantial mitigation, including absence of a dishonest or selfish motive, a cooperative attitude, good character and reputation, remorse, and the imposition of criminal penalties. We cannot, however, overlook the magnitude of Kickliter's misconduct and his failure to correct it. He could have decided not to forge the signature. Having done so, however, he could have refrained from submitting the will to probate. Having submitted the will, he could have informed the court of the fraud. He took none of these actions, either to refrain from an improper action or to correct it. Instead, he committed a fraud on the court and allowed it to continue until exposed through criminal proceedings.
Kickliter's misconduct and fraud on the court are similar to that in other cases where attorneys have been disbarred.[*]E.g., The Florida Bar v. Roman, 526 So.2d 60 (Fla. 1988) (attorney forged affidavit regarding beneficiary of an intestate estate and then converted estate's assets to his own use); The Florida Bar v. Agar, 394 So.2d 405 (Fla. 1980) (attorney solicited false testimony, thereby allowing his client to perpetrate a fraud on the court); The Florida Bar v. Rubin, 257 So.2d 5 (Fla. 1972) (attorney falsely endorsed and redeemed savings bonds); Dodd v. The Florida Bar, 118 So.2d 17 (Fla. 1960) (attorney urged and advised witnesses to give false testimony). Kickliter relies on two cases where attorneys committed misconduct regarding their handling of clients' wills and received lesser discipline than disbarment, i.e., The Florida Bar v. Betts, 530 So.2d 928 (Fla. 1988), and The Florida Bar v. Story, 529 So.2d 1114 (Fla. 1988). Betts and Story, however, are exceptions to the general rule of strict discipline against attorneys who deliberately and knowingly perpetrate a fraud on the court. Such an exception is not warranted here, and we agree with the bar that Kickliter should be disbarred.
Therefore, we disbar Gene M. Kickliter for five years from October 10, 1988, the effective date of his suspension. Kickliter is hereby enjoined and prohibited from the practice of law in this state. Judgment for costs of $798.30 is hereby entered, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., did not participate in this case.
NOTES
[*] We recognize the fact that in some of these cases the attorneys profited from their misconduct whereas Kickliter did not.