589 So.2d 286 (1991)
THE FLORIDA BAR, Complainant,
v.
Norman F. SOLOMON, Respondent.
No. 76863.
Supreme Court of Florida.
November 21, 1991.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Patricia S. Etkin, Bar Counsel, Miami, for complainant.
Norman F. Solomon, in pro. per.
PER CURIAM.
Norman Solomon, a member of The Florida Bar, petitions for review of a referee's recommendation that he be disbarred. We have jurisdiction, article V, section 15, Florida Constitution, and approve the referee's report and recommendations.
In 1976 this Court suspended Solomon from the practice of law for six months based on his conviction of failing to file a federal income tax return. The Fla. Bar v. Solomon, 338 So.2d 818 (Fla. 1976). As noted in that opinion, Solomon had received unreported private reprimands in 1970 and 1974 and had been suspended from practice before a federal court in 1967. Id. at 819 n. 1. The Florida Bar later charged Solomon with three counts of failing to prosecute diligently matters entrusted to him, and this Court imposed a three-year suspension. The Fla. Bar v. Solomon, 409 So.2d 1052 (Fla. 1982). Solomon has never sought reinstatement from either of his suspensions.
The Florida Bar filed a two-count complaint against Solomon in November 1990, alleging that (1) Solomon wrote checks on the bank accounts of businesses he was involved with knowing that those accounts contained funds insufficient to cover the checks, kited checks among his bank accounts, and deposited in his own accounts checks belonging to the clients of an attorney for whom he worked as an office manager; and (2) in 1985 Solomon forged his deceased mother's signature on a homestead tax exemption application and forged both of his deceased parents' signatures on a homestead application the following year. Solomon did not respond to the request for admissions, and the referee deemed the allegations admitted. After hearing the parties on several occasions, *287 the referee filed a report recommending that Solomon be found guilty of violating rules 3-4.3 (committing act that is unlawful or contrary to honesty and justice), 4-8.4(b) (committing criminal act that adversely reflects on lawyer's honesty, trust worthiness, or fitness), and 4-8.4(c) (conduct involving dishonesty, fraud, etc.) of the Rules Regulating The Florida Bar and former disciplinary rules 1-102(A)(4) (conduct involving dishonesty, fraud, etc.) and 1-102(A)(6) (conduct that adversely reflects on fitness to practice law). In light of Solomon's prior disciplinary history and the cumulative nature of Solomon's misconduct, among other things, the referee recommends that Solomon be disbarred.
The Florida Bar argues that the referee's recommendations should be accepted. Solomon, on the other hand, disagrees and claims that the referee erred in deeming the admissions to have been admitted, in refusing to dismiss the complaint, in permitting the use of illegally obtained evidence, in making unsupported findings of fact, and in assessing costs against him. After studying this record, we disagree with Solomon.
Although under suspension, Solomon is still a member of The Florida Bar. R. Regulating Fla. Bar 3-5.1(e). As such, he is subject to "the standards of ethical and professional conduct prescribed by this Court." Id. at 3-4.1. Additionally, the Florida Rules of Civil Procedure apply in bar discipline proceedings, id. at 3-7.6(e)(2), and Florida Rule of Civil Procedure 1.370(a) provides that a "matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection." Solomon did not answer the request for admissions, and the referee correctly deemed the matters alleged admitted. The Fla. Bar v. Mayo, 439 So.2d 888 (Fla. 1983).
The referee properly accepted the evidence submitted to him, and we hold that this evidence is sufficient to support his recommendations. Issuing "a worthless check ... constitutes unethical conduct and subjects the attorney to professional discipline." The Fla. Bar v. Davis, 361 So.2d 159, 162 (Fla. 1978). Misuse of client funds, commingling, and check kiting can warrant disbarment. The Fla. Bar v. Diaz-Silveira, 557 So.2d 570 (Fla. 1990). Additionally, forgery can result in disbarment. See The Fla. Bar v. Kickliter, 559 So.2d 1123 (Fla. 1990).
Therefore, we approve the referee's report and recommendations and hereby disbar Norman F. Solomon, effective immediately upon the filing of this opinion. Judgment for costs of $4,340.30 is hereby entered against Solomon, for which sum let execution issue.
It is so ordered.
SHAW, C.J. and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.