721 So.2d 720 (1998)
THE FLORIDA BAR, Complainant,
v.
Harry Jay KLAUSNER, Respondent.
No. 90855.
Supreme Court of Florida.
November 25, 1998.
John F. Harkness, Executive Director, and John A. Boggs, Staff Counsel, Tallahassee, and Thomas E. DeBerg, Assistant Staff Counsel, Tampa, for Complainant.
Nicholas R. Friedman, Vilas, NC, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Harry Jay Klausner. We have jurisdiction. Art. V, § 15, Fla. Const.
On June 25, 1997, The Florida Bar filed a complaint against Klausner alleging that he violated rule 3-4.3(commission of an act that is unlawful or contrary to honesty and justice); rule 4-3.3(a)(1)(making a false statement of material fact to a tribunal); rule 4-3.4(b)(fabricating evidence); rule 4-8.4(b)(committing a criminal act reflecting adversely on honesty, trustworthiness, or fitness as a lawyer); rule 4-8.4(c)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and rule 4-8.4(d)(engaging in conduct in connection with the practice of law that is prejudicial to the administration of justice) of the Rules Regulating The Florida Bar.
These charges arose from Klausner's representation of a corporate client in a number of small claims collections actions. In many of the cases, Klausner had obtained stipulations of settlement from the debtors, and those debtors were making monthly payments on their obligations. However, in late 1995, Klausner received notices of abatement from the court in a number of cases because there had been no record activity in six months. In ten of these cases, in order to prevent abatement, Klausner recreated existing stipulations, signed the debtors' names without their knowledge or authorization, and submitted them to the court during two separate abatement hearings.
At one of the hearings, the judge noticed the irregularity of the signature on the stipulation as compared to one already in the *721 court file and questioned Klausner. Klausner falsely represented to the court that he had sent the stipulation to the debtor and it was returned to him signed. The judge further asked why it was not creased from being placed in an envelope, and Klausner falsely replied that it had been sent in a large package.
On April 11, 1996, Klausner was questioned about the signatures on four of the stipulations by an investigator from the state attorney's office and gave a statement under oath. Although he was advised that the debtors denied signing the stipulations, Klausner specifically denied signing the debtors' names and indicated he did not know how the signatures came to be on the stipulations. Additionally, in response to questioning, he indicated that his secretary or his father could have signed the stipulations.
Finally, on September 24, 1996, after being confronted with evidence that the signatures were forged, Klausner admitted to the state attorney's investigator that he had signed the debtors' names to the documents. Klausner was subsequently charged with scheming to defraud, two counts of forgery, uttering a forged instrument, perjury when not in an official proceeding, and making a false official statement.
On May 29, 1997, Klausner pled nolo contendere to the felony charges of scheming to defraud, forgery, and uttering a forged instrument. On June 6, 1997, he pled no contest to the remaining misdemeanor charges. He was adjudicated guilty of the misdemeanors and sentenced to one day in jail with credit for time served. Adjudication was withheld on the felonies, and he was sentenced to three year's probation. Klausner also paid a fine, court costs, and the state attorney's office investigation costs. Klausner was suspended by this Court on September 27,1997.
After a final evidentiary hearing before a referee, Klausner was found guilty as charged in the Bar's complaint, and the referee recommended that he be suspended for three years and be required to retake the ethics portion of the bar exam prior to applying for readmittance. In making this recommendation, the referee considered Klausner's age, the date he was admitted to the bar, and his lack of prior discipline.
The Bar seeks review of the recommended discipline and argues that Klausner's conduct warrants disbarment. Generally, the Court has imposed harsh punishment on lawyers who intentionally lie under oath, lie to the court, or present false or forged documents. Indeed, this Court has stated that no ethical violation is more damaging to the legal profession and process, and "[a]n officer of the court who knowingly and deliberately seeks to corrupt the legal process can logically expect to be excluded from that process." Florida Bar v. Rightmyer, 616 So.2d 953, 955 (Fla.1993).
While harsh punishment is certainly warranted here and the Bar makes a strong case for disbarment, the referee's recommendation is reasonably supported by existing case law and, thus, will be upheld. See Florida Bar v. Vining, 707 So.2d 670, 673 (Fla.1998)(stating that referee's recommendation is presumed correct and will be followed if reasonably supported by existing case law and not "clearly off the mark"). In recommending a three-year suspension in this case, the referee noted that "[Klausner's] conduct was not nearly as egregious as that in other similar cases where suspension, not disbarment, was the appropriate disciplinary action" and attached a chart setting forth the misconduct and discipline imposed in approximately forty cases. A review of the cases charted by the referee reveals a reasonable basis for the recommended discipline. See, e.g., Florida Bar v. Kravitz, 694 So.2d 725 (Fla.1997)(imposing thirty-day suspension where attorney presented false evidence and made misrepresentations to client, opposing counsel, and court); Florida Bar v. Schramm, 668 So.2d 585 (Fla.1996)(imposing ninety-one-day suspension where attorney made false representations to judge, failed to properly represent client, failed to return fee paid by client, and failed to communicate with client); Florida Bar v. Gelman, 504 So.2d 1228 (Fla.1987)(imposing six-month suspension for filing altered document, representing client despite conflict of interest, and failing to satisfy outstanding judgment lien with monies put in escrow); Florida Bar *722 v. Reese, 421 So.2d 495 (Fla.1982)(imposing three-year suspension where, among other instances of misconduct, attorney signed name of county judge to judgment); Florida Bar v. Silverman, 196 So.2d 442 (Fla.1967)(imposing one-year suspension where attorney forged documents to obtain substantial sums of money from various persons including client).[1]
Additionally, although the referee did not specifically list any aggravating or mitigating circumstances, Klausner argues and the Bar does not dispute that Klausner is sincerely remorseful, is young and relatively inexperienced, has been criminally sanctioned, and has had no prior bar discipline. Accordingly, while it is a close case and a recommendation of disbarment also may have been appropriate, we approve the referee's recommendation. Harry Jay Klausner is hereby suspended from the practice of law for three years. This suspension will be effective thirty days from the filing of this opinion so that Klausner can close out his practice and protect the interests of existing clients. If Klausner notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Klausner shall accept no new business from the date this opinion is filed until the suspension is completed.
Judgment is entered against respondent for the Bar's costs in the amount of $1,767.36, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion, in which PARIENTE, J., concurs.
WELLS, Justice, dissenting.
I dissent from the acceptance of the recommendation for the three-year suspension. I would follow the recommendation of The Florida Bar and disbar respondent. I see no material difference between this case and Florida Bar v. Kickliter, 559 So.2d 1123 (Fla. 1990).
Moreover, it is this Court's responsibility to administer the severest discipline to lawyers who commit fraud, as respondent has admitted he did.
PARIENTE, J., concurs.
NOTES
[1] We commend the referee for his thoughtful and careful analysis of the case law in determining the appropriate discipline in this case.