PARIENTE, J.,
concurring in part and dissenting in part.
In this case, the majority has rejected the recommendation of the referee to impose a ninety-day suspension and has instead disbarred Hall. I understand that this Court has demonstrated in no uncertain terms that lawyer misconduct will not be tolerated and that harsher sanctions are warranted for many forms of lawyer misconduct. I agree that forgeries by a lawyer should not be tolerated and warrant substantial discipline.
However, while Hall’s misconduct requires a rehabilitative suspension, I disagree that the extreme sanction of disbarment is warranted under the facts of this case and our prior case law. Rather, I would impose a three-year suspension as urged by The Florida Bar — a sanction that is extremely serious but more in line with our precedent.
As is evident in this case, there was no misappropriation of client funds and no attorney-client relationship. In Hall’s pri- or twenty-three years as a lawyer, there was no blemish on her record — no prior misconduct of any sort. As found by the referee, Hall is “well respected in her community as an honest, hard working loyal friend involved in numerous community and church activities to the betterment of others.”
None of these circumstances excuse the misconduct, but the mitigation should be considered in determining the appropriate sanction. Clearly, Hall lost all perspective as a result of her desire to purchase pasture land for her horses. She illegally forged the owners’ signature on a document entitled “Lease Agreement and Agreement for Sale.” As a result of these *1264 actions, the State Attorney’s Office charged her with two felonies. Ultimately, Hall entered into a Deferred Prosecution Agreement and thereafter all charges were dismissed. The referee, who is an experienced circuit court judge, had the opportunity to assess the demeanor of Hall and the witnesses and specifically determined that disbarment was not the appropriate sanction.
This case is in contrast to other recent cases where we have disbarred attorneys who have engaged in fraud, misrepresentation, or deceit. The majority relies on Florida Bar v. Gross, 896 So.2d 742, 745-47 (Fla.2005), wherein we disbarred an attorney who committed numerous acts of misconduct, most of which we noted would be sufficient to justify disbarment, including a dozen client trust account misappropriations, failure to defend a client in a lawsuit, and numerous forgeries. Most troubling, the forgeries included a judge’s signature on two orders, the forgery of a client’s signature on a written plea of guilt, and, finally, the forgery of a client’s signature on a check so the respondent could deposit the check and use the funds for his own personal means. Id. at 746. This is in contrast to the single instance of forgery involved here, which was unrelated to the practice of law and resulted in no client harm. Thus, the majority’s reliance on Gross as case law supporting disbarment is misplaced.
The majority’s reliance on Florida Bar v. Kickliter, 559 So.2d 1123 (Fla.1990), is also misplaced. As in Gross, the misconduct in Kickliter was related to the attorney’s practice of law. 559 So.2d at 1123. There, the attorney forged his client’s signature on a will (the client had died the day before without signing the will). Id. He then submitted the forged will for probate, committing fraud on the court. Id. at 1123-24. This Court later emphasized in Florida Bar v. Baker, 810 So.2d 876, 881 (Fla.2002), that the attorney in Kickli-ter had committed fraud on the court and forged the will in connection with his law practice.
In Florida Bar v. Solomon, 589 So.2d 286, 286 (Fla.1991), we disbarred an attorney who had a substantial history of prior discipline, including a six-month suspension for a conviction of failing to file a tax return, two private reprimands, suspension from practice before a federal court, and a three-year suspension for failing to diligently prosecute matters entrusted to him. While still suspended (Solomon did not seek reinstatement from either of his suspensions), he then knowingly wrote insufficient checks on business bank, accounts, kited checks among his own bank accounts, deposited in his own account checks belonging to clients of an attorney for whom he worked, forged his deceased mother’s signature on a homestead tax exemption application, and forged both of his deceased parents’ signatures on a homestead application the following year. Id. Unlike the attorney in Solomon, Hall does not have an extensive history of misconduct and prior discipline.
Likewise, this case is distinguishable from Florida Bar v. Cramer, 678 So.2d 1278, 1281-82 (Fla.1996), which also involved an attorney with a history of prior discipline. Prior to the misconduct of perpetrating fraud on a financial institution, Cramer had received a private reprimand and a ninety-day suspension for misappropriation of client funds and misusing his trust account in an attempt to avoid an Internal Revenue Service levy. Id. at 1281 n. 2. This Court concluded that “his total conduct in this incident coupled with his prior disciplinary record evince a pattern of misconduct warranting disbarment.” Id. at 1282.
*1265 Hall’s conduct is entirely distinguishable from the conduct of the attorneys in Gross, Kickliter, Solomon, and Cramer. Unquestionably, forgeries can result in disbarment, but the imposition of the sanction depends on the circumstances. In Baker, 810 So.2d at 881, we acknowledged that although lawyers may certainly be disciplined for conduct unrelated to the practice of law, “misconduct not connected with the practice of law is to be evaluated differently and may warrant less severe sanctions than misconduct committed in the course of the practice of law.” Baker, who had no prior disciplinary history, forged his ex-wife’s name to legal documents relating to sale of real property that he owned jointly with her. Id. at 878. These documents were used in the closing, and Baker negotiated a check obtained by his forgery. Id. The referee cited Kickliter in support of his recommendation of disbarment. Id. at 881. In distinguishing the case from Kickliter, this Court focused on the facts that while Baker had forged several documents, he had not committed a fraud on the court and his misconduct was not related to his law practice. Id. Baker received a rehabilitative suspension of ninety-one days. Id. at 882 (“While we emphasize that Baker’s violations are serious, in that his conduct was dishonest and unlawful, we find the ultimate sanction of disbarment is not warranted.”). Clearly, Baker is more analogous to this case than the cases cited by the majority.
A three-year suspension is more in line with our precedent than disbarment, especially considering Hall’s lack of prior disciplinary history. See, e.g., Fla. Bar v. Hagendorf, 921 So.2d 611 (Fla.2006) (imposing two-year suspension for filing a frivolous action to quiet title to a building that the attorney did not own and making misrepresentations to the court in order to obtain a default judgment in the action); Fla. Bar v. Klausner, 721 So.2d 720 (Fla.1998) (imposing a three-year suspension for scheming to defraud, two counts of forgery, uttering a forged instrument, perjury when not in an official proceeding, and making a false official statement, where mitigation included remorse, inexperience, and lack of prior bar discipline); Fla. Bar v. Rosen, 608 So.2d 794 (Fla.1992) (imposing two-year suspension for issuing numerous trust account checks that were subsequently dishonored, one of which was determined to be a forgery, and for failing to produce trust account records; sanction was deemed appropriate because attorney had been previously suspended for grand theft and breaking and entering).
For all these reasons, I respectfully concur in part and dissent in part.
QUINCE, J., concurs.