LABARGA, J.,
dissenting.
The majority opinion aptly describes Respondent’s conduct as follows: “Respondent has engaged in serious misconduct.” “Respondent’s failure to respond to the client’s direction and failure to return her $5,000 for three years, along with his complete failure to provide a proper accounting of the other $5,000, is grave misconduct.” “Not only did Respondent file a document with a forged signature in a court, he sought to make Waddington responsible for representation of the four family members.” “Forging the signature of an attorney in a legal action is not only unacceptable, it is outrageous.” “If lawyers and the public cannot rely upon the authenticity of legal papers, the very foundation of our legal system becomes fractured and unsustainable.” “This is not a simple mistake or negligent conduct, this was an intentional grievous act.” “Respondent has engaged in severely dishonest conduct.” Maj. op. at 522. I could not agree more with these observations. However, because I agree so strongly with these observations, I dissent from the majority’s conclusion that a three-year suspension is an adequate sanction for the egregious misconduct committed by Mr. Ross.
In Count I, for three years, Mr. Ross withheld client funds, avoided client communication, and engaged in delay tactics so as to avoid reimbursing the funds. The egregiousness of Mr. Ross’s conduct is found not only in his repeated efforts to evade his client, but in the protracted period of time over which this misconduct occurred. What is more, despite repeated requests, to this day, Mr. Ross has not provided the client with an accounting of the remaining $5000 that he did not reimburse.
In Count II, Mr. Ross forged an attorney’s signature on a complaint filed in court. This most serious act of dishonesty simply cannot be excused by his troubles with his family members. This act alone is grounds for disbarment. See Florida Bar v. Kickliter, 559 So.2d 1123, 1124 (Fla.1990) (disbarring attorney for forging client’s signature on a will and submitting the document for probate, despite the “absence of a dishonest or selfish motive.”). The cumulative nature of Mr. Ross’s conduct, which led to a finding of six serious violations of the Rules Regulating the Florida Bar, warrants disbarment.
Although a sanction that provides an opportunity for rehabilitation is often an appropriate way to address attorney misconduct, the circumstances of this case militate against such consideration. First, Mr. Ross has been an attorney for more than three decades. Rather than operate as a factor in favor of leniency, his length *526 of experience actually aggravates the nature of his conduct because he cannot rely on inexperience or lack of knowledge as to the high standards held for attorneys. Second, Mr. Ross’s disciplinary history reflects a prior thirty-day suspension. See Florida Bar v. Ross, 797 So.2d 589 (Fla.2001) (table). Therefore, the conduct for which Mr. Ross is now held to account leaves significant doubt as to any prospect of rehabilitation. Combined with his prior history of disciplinary action, Mr. Ross’s unacceptable acts of misconduct lead me to the inescapable conclusion that disbarment is the appropriate remedy. Therefore, I dissent.
CANADY, J., concurs.