264 So.2d 5 (1972)
THE FLORIDA BAR, Petitioner,
v.
Edward G. RICCARDI, Respondent.
No. 42154.
Supreme Court of Florida.
June 21, 1972.
*6 Norman A. Faulkner, Tallahassee, for petitioner.
Edward G. Riccardi, in pro. per.
PER CURIAM.
This is a Bar discipline matter. On January 27, 1972, Edward G. Riccardi, a member of The Florida Bar, was adjudged guilty of a violation of Title 18, Section 201(f), U.S.Code, which provides in pertinent part:
"(f) Whoever, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gives, offers, or promises anything of value to any public official, former public official, or person selected to be a public official, for or because of any official act performed or to be performed by such public official, former public official, or person selected to be a public official;... Shall be fined not more than $10,000 or imprisoned for not more than two years, or both."
This offense constitutes a felony under the laws of the United States. The time for appeal has expired.
Noting that Article XI, Rule 11.07(4) of the Integration Rule, 32 F.S.A., provides that final judgments shall be considered as conclusive proof of guilt of the offense charged, The Florida Bar on March 6, 1972, petitioned for a Notice to Show Cause why appropriate disciplinary action should not be entered against respondent. This Court granted the petition and gave respondent leave to answer on or before April 24, 1972. We have received no response from the attorney within the time allotted.
In determining appropriate disciplinary action, we must be primarily guided by the welfare of the public and the legal profession. A study of the indictment lodged against respondent reveals that he was charged with bribery of an Internal Revenue Agent with intent to influence the Agent's determination of the current tax liability of Robert Rosenbloom, respondent's co-defendant under the indictment. Respondent pleaded guilty to the indictment, and was sentenced to imprisonment for a period of eighteen months, with six months to be spent in actual confinement, and the remainder suspended.
In our view bribery is a particularly noxious ethical failure under the Code of Professional Responsibility, because it not only involves a breach of the individual attorney's public trust as a member of the legal profession, but also represents an attempt by the offending lawyer to induce a third party to engage in fraudulent and corrupt practices. Such conduct strikes at the very heart of the attorney's responsibility to the public and profession. We are, therefore, not inclined to leniency in bribery matters, absent mitigating factors in the individual case. See The Florida Bar v. Craig, 238 So.2d 78 (Fla. 1970). No such mitigating factors have been brought to our attention in the instant case.
Accordingly, it is the judgment of this Court that respondent, Edward G. Riccardi, should be, and is hereby disbarred from the practice of law in the State of Florida.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.