530 So.2d 926 (1988)
THE FLORIDA BAR, Complainant,
v.
Charles B. RAMBO, Respondent.
No. 70045.
Supreme Court of Florida.
September 15, 1988.
*927 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Richard A. Greenberg, Bar Counsel, Steve Rushing, Branch Staff Counsel, and Bonnie L. Mahon, Asst. Staff Counsel, Tampa, for complainant.
B. Anderson Mitcham of Mitcham, Weed, Barbas, Allen & Morgan, Tampa, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court on the complaint of The Florida Bar and the findings and recommendations set forth in a referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee's findings of fact are as follows:
The charges against the Respondent result from a single occurrence of alleged misconduct. The Complaint alleges that the Respondent was the go-between, or funnel, of a bribe in the amount of $4,000 from Respondent's client to Hillsborough County Commissioner Joseph Kotvas. The Complaint further alleges the bribe was for the purpose of guaranteeing a favorable outcome in the county's rezoning of the client's property located in the northwest area of Hillsborough County. The Respondent testified at the hearing. He also testified under a grant of use immunity before a federal grand jury and at a trial conducted in U.S. District Court. In each of those instances, Respondent made sworn statements which admitted that he attended a 1982 meeting with Kotvas, in which he learned from Kotvas that a bribe would be necessary in order to ensure favorable treatment to Respondent's client before the Board of County Commissioners. Respondent admits that he explained the situation to his client, that he accepted money from his client for the purpose of transferring the bribe, and further that he personally delivered the bribe to Kotvas.
Respondent's testimony reveals that after he funneled the bribe to Kotvas in July 1982, Respondent made no effort to disclose the crime to any authority until Kotvas was arrested and FBI agents sought to interview the Respondent in March or April 1983. Only then did Respondent seek legal assistance and make a full confession to the U.S. Attorney under an agreement of use immunity.
Upon these findings, the referee determined that respondent had violated the following Disciplinary Rules of the Code of Professional Responsibility: 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); 1-102(A)(6) (engaging in conduct that adversely reflects upon his fitness to practice law); 7-102(A)(3) (concealing or knowingly failing to disclose that which he is required by law to reveal); and 7-102(A)(7) (counseling or assisting his client in conduct that the lawyer knew to be illegal or fraudulent).
The referee recommended that respondent be suspended from the practice of law for a period of thirty months and thereafter until he shall prove his rehabilitation as provided under rule 3-5.1(e), Rules Regulating The Florida Bar.
The Florida Bar argues that the recommended discipline is an inadequate sanction for respondent's conduct and seeks disbarment. Respondent has filed a "Notice of Intent not to File Reply Brief."[*]
We agree with The Florida Bar that suspension is an inadequate penalty for respondent's conduct. As we said in The *928 Florida Bar v. Riccardi, 264 So.2d 5, 6 (Fla. 1972):
In our view bribery is a particularly noxious ethical failure under the Code of Professional Responsibility, because it not only involves a breach of the individual attorney's public trust as a member of the legal profession, but also represents an attempt by the offending lawyer to induce a third party to engage in fraudulent and corrupt practices. Such conduct strikes at the very heart of the attorney's responsibility to the public and profession. We are, therefore, not inclined to leniency in bribery matters, absent mitigating factors in the individual case.
Accordingly, we hereby disbar respondent Charles B. Rambo effective immediately.
Costs of this proceeding are also assessed against respondent. Judgment for costs in the amount of $1,313.70 is hereby entered against Charles B. Rambo, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Respondent asserts that a reply brief is unnecessary because he "intends to resign on or about November 1, 1988." This opinion renders any resignation moot.