616 So.2d 953 (1993)
THE FLORIDA BAR, Complainant,
v.
Larry G. RIGHTMYER, Respondent.
No. 78615.
Supreme Court of Florida.
March 11, 1993.
Rehearing Denied May 13, 1993.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David R. Ristoff, Branch Staff Counsel, Tampa, for complainant.
Joseph F. McDermott, St. Petersburg, for respondent.
*954 PER CURIAM.
We have for review a referee's report on complaint of the Florida Bar (the Bar). We have jurisdiction. Art. V, § 15, Fla. Const.; R. Regulating Fla.Bar 3-7.7.
On January 24, 1991, Rightmyer pled nolo contendere to three counts of perjury arising from his deposition and trial testimony in a civil mortgage foreclosure suit in which he falsely claimed that $5,000 due to be paid by a third party to an acquaintance of his on a commercial loan was not an interest payment (which may have been usurious) but rather was a portion of the balance. He was adjudicated guilty and placed on four years' probation. As a result of his felony arrest, the Bar audited his trust account records and found vast technical violations. On February 20, 1991, this Court suspended Rightmyer from the practice of law, effective March 22, 1991.
In the subsequent disciplinary proceeding, Rightmyer admitted all the Bar's allegations concerning his trust account violations[1] and perjury convictions[2] and sought only to establish mitigating circumstances. The referee recommended that Rightmyer be judged guilty of the alleged violations and found the following mitigating circumstances:
1. Respondent was experiencing severe marital difficulties at the time of his actions, along with additional business and financial difficulties.
2. Respondent was experiencing an alcohol problem and possibly psychological problems, at the time of his wrong actions.
3. It does not appear that any person who may have been affected by Respondent's actions has not been made financially whole and no financial loss to any person was presented.
4. Respondent admitted his guilt, has shown remorse and recognized that his actions were incorrect and harmful to the public, the Bar, himself and his family.
5. Respondent appears to recognize that punishment is justified and has accepted and admitted the criminal charges as well as the Bar's allegations against him.
6. But for these acts, witnesses for the Respondent acknowledge his remorse and testified as to his better qualities and good reputation.
7. But for these acts which occurred in 1987 and a public reprimand which occurred in 1986, Respondent appears to have enjoyed a good reputation as a member of the Florida Bar for the last twenty-seven (27) years.
For the trust account violations, the referee recommended that Rightmyer be suspended for twelve months, with twelve months' probation on reinstatement and payment of costs. As to the violations arising from the perjury convictions, the referee recommended that Rightmyer be suspended for an additional thirty-six months, with twelve months' probation on reinstatement and payment of costs, and submit specific proof of rehabilitation.
The Bar petitioned this Court for review of the referee's report, asserting that disbarment rather than suspension is the appropriate sanction for the perjury convictions, especially in light of Rightmyer's trust account violations and prior disciplinary record. See The Florida Bar v. Rightmyer, 488 So.2d 532 (Fla. 1986) (public reprimand for neglect and misrepresentation in a medical malpractice case). Rightmyer, on the other hand, contends that the referee's report should be approved in full.
Upon review of the record, we conclude that the referee's findings of fact and recommendations as to guilt are supported by competent substantial evidence. We find the recommended disciplinary measures inappropriate in light of Rightmyer's perjury convictions.

*955 No breach of professional ethics, or of the law, is more harmful to the administration of justice or more hurtful to the public appraisal of the legal profession than the knowledgeable use by an attorney of false testimony in the judicial process. When it is done it deserves the harshest penalty.
The Florida Bar v. Dodd, 118 So.2d 17, 19 (Fla. 1960). We can conceive of no ethical violation more damaging to the legal profession and process than lying under oath, for perjury strikes at the very heart of our entire system of justice  the search for the truth. An officer of the court who knowingly and deliberately seeks to corrupt the legal process can logically expect to be excluded from that process.
Accordingly, we hereby disbar Larry G. Rightmyer from the practice of law, effective March 22, 1991, the date of his suspension. Judgment for costs in the amount of $4,663.51 is entered for The Florida Bar against Larry G. Rightmyer, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., recused.
NOTES
[1] The Bar alleged that Rightmyer's trust accounting practices violated the following Rules of Professional Conduct: Rules 4-1.15(a), 5-1.1, 5-1.1(b), 5-1.2(b)(2), 5-1.2(b)(3), 5-1.2(b)(5), 5-1.2(b)(6), 5-1.2(b)(7), 5-1.2(c)(1)(a), 5-1.2(c)(1)(b), 5-1.2(c)(2), 5-1.2(c)(3), 5-1.2(c)(4).
[2] The Bar alleged that his perjury convictions violated the following Rules: Rules 3-4.3, 3-4.4, 4-3.3(a)(1), 4-3.3(a)(4), 4-8.4(b), 4-8.4(d).