648 So.2d 698 (1994)
THE FLORIDA BAR, Complainant,
v.
Sharon L. KLEINFELD, Respondent.
No. 81464.
Supreme Court of Florida.
December 15, 1994.
Rehearing Denied January 25, 1995.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Bar Counsel, Miami, for complainant.
Nicholas R. Friedman of the Friedman Law Firm, Miami, for respondent.
PER CURIAM.
We have for review a complaint of The Florida Bar and referee's report concerning alleged ethical breaches by Sharon L. Kleinfeld. *699 We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report.
The referee made the following findings concerning five acts of misconduct allegedly committed by Kleinfeld:
The first offense relates to the respondent's failure to appear for the fourth day of trial in the case of Thomas Freiheit v. Tamarac Lakes Homeowners Assoc., Inc. Respondent was trial attorney for the plaintiff in that case. The evidence presented with respect to the circumstances surrounding the respondent's failure to appear is not clear and convincing as to this violation... .
The second offense relates to the failure of the respondent to appear in court for the resumption of trial in the same matter. The trial court had reset the trial from January 16, 1992, (the date of the first failure to appear), to February 6, 1992. When the respondent failed to appear on February 6, 1992, the trial court dismissed the lawsuit, with prejudice. This failure to appear by the respondent and the subsequent dismissal of the client's lawsuit created prejudice to the client. I find the evidence clear and convincing as to this specification in that the respondent did not act with reasonable diligence and promptness in representing her client... .
The third offense arises out of the respondent's failure to appear at the hearing on a rule to show cause issued by the trial judge who dismissed the civil lawsuit. This hearing was set for February 7, 1992, (one day after the dismissal of the lawsuit). The rule to show cause had been issued, however, in January of 1992. The evidence is clear and convincing as to this specification... .
The fourth offense relates to the allegations made by the respondent, under oath, in an affidavit filed on February 27, 1992. That affidavit was filed with the Fourth District Court of Appeal and the circuit court as an appendix to a writ of prohibition. I find that the evidence is not clear and convincing that the statements made in that affidavit violated the Rules of Professional Responsibility.
The fifth and most serious offense alleged revolves around an affidavit filed in the circuit court in and for Broward County on March 10, 1992. The affidavit was signed, under oath, and filed by the respondent. It was alleged in that affidavit that Circuit Judge Geoffrey Cohen had made threats to an attorney representing the respondent in the respondent's pending contempt hearing. Those threats were intended to intimidate said attorney during his representation of the respondent, according to the affidavit. I find the evidence clear and convincing as to this violation. The evidence convinces me that said threats never occurred. All credible witnesses convince me that the event did not take place. I am convinced that the facts contained in that portion of the affidavit were fabrications of the respondent, damaging to the reputation of Broward County Circuit Judge Geoffrey Cohen, intended to mislead a tribunal in its decisionmaking process... .
The referee made the following recommendations as to guilt based on his findings:
As to the first accusation, the respondent's failure to appear in the Broward County Circuit Court on January 16, 1992, I find the respondent not guilty.
As to the second accusation, the respondent's failure to appear in the Broward County Circuit Court on February 6, 1992, I find the respondent guilty of violating Rule of Professional Responsibility 4-1.3 [a lawyer shall act with reasonable diligence].
As to the third accusation, the respondent's failure to appear before Broward County Circuit Court Judge Geoffrey Cohen on February 7, 1992, I find the respondent guilty of violating Rule of Professional Responsibility 4-8.4(d) [a lawyer shall not engage in conduct prejudicial to the administration of justice].
As to the fourth accusation, allegations contained in the affidavit in support of disqualification, filed on February 27, 1992, I find the respondent not guilty.
As to the fifth accusation, allegations of misconduct by Circuit Court Judge Geoffrey Cohen, contained in an affidavit, sworn to and filed by the respondent on *700 March 10, 1992, I find the respondent guilty of violating Rule of Professional Responsibility 4-3.3(a)(1) [a lawyer shall not knowingly make a false statement to a tribunal].
Based on his findings and recommendations, the referee recommended the following discipline:
It is the recommendation of the referee that the respondent, Sharon Kleinfeld, be suspended from the practice of law for a period of 36 months, followed by 24 months of probation, with the special conditions that prior to reinstatement and while on probation she be supervised by a member of the local disciplinary committee and that the respondent be required to take a professional responsibility examination.
Kleinfeld contends that she did not violate any disciplinary rules, and that her conduct thus should be the subject of civil, not disciplinary, action. Even if she were guilty of ethical breaches, she claims, a suspension, not disbarment, is appropriate discipline. The Florida Bar (the Bar), on the other hand, seeks disbarment.
Upon review of the record, we conclude that the referee's findings of fact and recommendations of guilt are supported by competent substantial evidence. We approve those findings and recommendations. In light of the extraordinarily serious nature of Kleinfeld's fifth alleged offense, we find the recommended disciplinary measures appropriate.
When Kleinfeld failed to appear on January 16, 1992, the last day of trial in the Freiheit case, Judge Cohen issued an order to show cause why she should not be held in direct criminal contempt. The judge reset the last day of trial in the Freiheit case for February 6, 1992, and set the appearance date on the contempt charge for February 7, 1992. When Kleinfeld again failed to appear for the last day of trial on February 6, Judge Cohen dismissed the Freiheit case with prejudice and issued a second order to show cause for direct criminal contempt. Kleinfeld failed to appear on February 7 on the contempt charge and Judge Cohen issued another order to show cause, as well as an order of arrest.
Kleinfeld subsequently filed a motion to disqualify Judge Cohen from the Freiheit case and to seek his recusal from the contempt proceedings. In support of the motion, Kleinfeld filed an affidavit accusing the judge of trying to intimidate Kleinfeld's lawyer in the contempt proceedings, Richard Rosenbaum, by threatening to dismiss a number of Rosenbaum's cases:
Prior to his withdrawal of Petitioner's defense, attorney Richard Rosenbaum received a telephone call from Judge Cohen threatening to dismiss said attorney's cases unrelated in his division for the purpose of intimidating said attorney during his representation of petitioner.
The affidavit was sworn to, signed by, and filed with the court by Kleinfeld.
Both Judge Cohen and Richard Rosenbaum testified before the referee in the disciplinary proceeding below, and the testimony of each was direct and unequivocal  no such phone call ever took place. Rosenbaum additionally denied ever discussing such a matter with Kleinfeld. After observing the testimony of various witnesses on this matter and hearing the testimony of other judges and witnesses on Kleinfeld's general honesty, the referee determined that Kleinfeld fabricated her story and thus committed a violation of Rule of Professional Conduct 4-3.3(a)(1):
The evidence convinces me that said threats never occurred. All credible witnesses convince me that the event did not take place. I am convinced that the facts contained in that portion of the affidavit were fabrications of the respondent, damaging to the reputation of Broward County Circuit Judge Geoffrey Cohen, intended to mislead a tribunal in its decisionmaking process and, therefore, a violation of rule 4-3.3(a)(1) of the Rules of Professional Responsibility.
Rule 4-3.3(a)(1) provides that a lawyer shall not knowingly lie to a tribunal:
RULE 4-3.3 CANDOR TOWARD THE TRIBUNAL
(a) False Evidence; Duty to Disclose. A lawyer shall not knowingly:

*701 (1) make a false statement of material fact or law to a tribunal... .
R. Regulating Fla. Bar 4-3.3(a)(1).
This Court recently addressed this issue of a lawyer deliberately lying to a tribunal under oath in Florida Bar v. Rightmyer, 616 So.2d 953 (Fla. 1993):
We find the recommended disciplinary measures inappropriate in light of Rightmyer's perjury convictions.
No breach of professional ethics, or of the law, is more harmful to the administration of justice of more hurtful to the public appraisal of the legal profession than the knowledgeable use by an attorney of false testimony in the judicial process. When it is done it deserves the harshest penalty.

The Florida Bar v. Dodd, 118 So.2d 17, 19 (Fla. 1960). We can conceive of no ethical violation more damaging to the legal profession and process than lying under oath, for perjury strikes at the very heart of our entire system of justice  the search for the truth. An officer of the court who knowingly and deliberately seeks to corrupt the legal process can logically expect to be excluded from that process.
Florida Bar v. Rightmyer, 616 So.2d 953, 954-55 (Fla. 1993).
We can conceive of few offenses a lawyer may commit more potentially damaging to the legal system than intentionally and falsely impugning the fairness and honesty of a judge for the sole purpose of shopping for a more favorable forum.
In light of Kleinfeld's lack of prior disciplinary record, we approve the substance of the referee's recommended discipline. Accordingly, we hereby suspend Sharon L. Kleinfeld from the practice of law in Florida for three years, to be followed by two years' probation. Prior to reinstatement, Kleinfeld must take and pass the professional responsibility portion of the Florida bar admission examination. After reinstatement, throughout her probationary term, Kleinfeld must be supervised by a Bar-approved representative. Kleinfeld's suspension will be effective thirty days from the filing of this opinion so that she can close out her practice and protect the interests of existing clients. If Kleinfeld notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Kleinfeld shall accept no new business from the date this opinion is filed. Judgment for costs in the amount of $9,213.99 is entered in favor of The Florida Bar against Sharon L. Kleinfeld, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., recused.