PER CURIAM.
Respondent Alan John Karahalis petitions this Court to review a referee’s report recommending that he be disbarred. We have jurisdiction. See art. V, § 15, Fla. Const.
FACTS
On March 4, 1999, in In re Karahalis, 429 Mass. 121, 706 N.E.2d 655 (1999), the *28 Supreme Judicial Court of the Commonwealth of Massachusetts vacated an order imposing a two-year suspension on Kara-halis and entered a judgment suspending Karahalis from the practice of law for four years, retroactive to October 24, 1997. Karahalis’s disciplinary proceeding in Massachusetts arose as a result of Karahalis’s unlawful payment of $12,000 to a congressman for the purpose of arranging a transfer of Karahalis’s uncle from one federal prison to another.[1]
On September 16, 1999, The Florida Bar filed a complaint against Karahalis and attached a copy of the Massachusetts judgment to the complaint. In his response to the complaint, Karahalis admitted that he had been suspended in Massachusetts and that the order attached to the Bar’s complaint setting forth the facts leading to his suspension was genuine and admissible as evidence. The Bar filed a motion for summary judgment. Karahalis did not appear for the hearing on the motion. Instead, he filed a pleading entitled “Respondent’s Objection to Complainant’s Motion for Summary Judgment” in which Karahalis alleged that he had been denied due process in the Massachusetts proceeding. Following the hearing, the referee granted the Bar’s motion. On February 1, 2000, a final hearing was held.
In her report, the referee found that Karahalis did not demonstrate that he had been denied due process in the Massachusetts disciplinary proceeding. The referee further determined that the Massachusetts adjudication of misconduct constituted conclusive proof of Karahalis’s misconduct in the instant disciplinary proceeding pursuant to Rule Regulating the Florida Bar 3-4.6.[2]
The referee recommended that Karahal-is be disbarred and that he be required to pay the Bar’s costs. In reaching this conclusion, the referee found as aggravating factors Karahalis’s prior disciplinary history (a 1985 private reprimand from the Supreme Judicial Court for Suffolk County, Massachusetts; a 1991 public censure from the Supreme Judicial Court for Suffolk County, Massachusetts; and a 1992 public reprimand in Florida based upon the discipline in Massachusetts, see Florida Bar v. Karahalis, 604 So.2d 488 (Fla.1992)), along with substantial experience in the practice of law. The referee found that the absence of a dishonest or selfish motive and a cooperative attitude during the proceedings were mitigating factors. Nevertheless, the referee found that the aggravating factors outweighed the mitigating factors and noted that “[t]he amount of money involved in this case and the circumstances are egregious.”
In recommending disbarment, the referee further relied on Florida Standard for Imposing Lawyer Sanctions 5.11, which provides that disbarment is appropriate when “(b) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or ... (f) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice.”
Neither Karahalis nor the Bar has challenged the validity of the order attached to the Bar’s complaint, which sets forth the facts leading to Karahalis’s suspension in Massachusetts. Therefore, pursuant to Rule 3-4.6, we find Karahalis guilty of the misconduct which served- as the basis for the Massachusetts discipline; that is, the *29 payment of $12,000 to a congressman for the purpose of obtaining a transfer of Kar-ahalis’s uncle from one federal prison to another.
Karahalis does, however, challenge the referee’s recommendation of disbarment. Karahalis argues that a four-year suspension like that imposed by the Massachusetts court is appropriate.
ANALYSIS
In reviewing a referee’s recommendation of discipline, this Court’s “scope of review is somewhat broader than that afforded to findings of facts because, ultimately, it is [the Court’s] responsibility to order an appropriate punishment.” Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). However, generally speaking this Court “will not second-guess a referee’s recommended discipline as long as that discipline has a reasonable basis in existing caselaw.” Florida Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999). Further, when the disciplinary proceeding is premised upon an adjudication of guilt in another state, this Court is not bound by the discipline imposed by the sister state. See Florida Bar v. Wilkes, 179 So.2d 193, 197 (Fla.1965) (“Florida, although accepting the foreign determination of guilt, is left free to determine for itself the fitness of the accused attorney as affected by the acts of misconduct involved.”). We conclude that Karahalis has not sustained his burden of demonstrating that the referee’s recommendation of disbarment is inappropriate.
As to attorney misconduct involving bribery, this Court has found:
[B]ribery is a particularly noxious ethical failure under the Code of Professional Responsibility, because it not only involves a breach of the individual attorney’s public trust as a member of the legal profession, but also represents an attempt by the offending lawyer to induce a third party to engage in fraudulent and corrupt practices. Such conduct strikes at the very heart of the attorney’s responsibility to the public and profession. We are, therefore, not inclined to leniency in bribery matters, absent mitigating factors in the individual case.
Florida Bar v. Riccardi, 264 So.2d 5, 6 (Fla.1972). In cases involving bribery, this Court has favored disbarment as a form of discipline. See, e.g., Florida Bar v. Lechtner, 666 So.2d 892 (Fla.1996); Florida Bar v. Davis, 657 So.2d 1135 (Fla.1996); Florida Bar v. Rendina, 583 So.2d 314 (Fla.1991); Florida Bar v. Rambo, 530 So.2d 926 (Fla.1988); Riccardi, 264 So.2d at 6.
In the instant case, Karahalis committed serious misconduct in paying a United States Congressman a large sum of money for special treatment of a family member. While Karahalis argues that the fact he was trying to help his family warrants less severe discipline, we do not agree. Kara-halis did not seek transfer of his uncle to another prison because his uncle’s life was in danger. Rather, he paid the bribe because it was “inconvenient” for his family to visit the uncle who was incarcerated in Florida. Making life more convenient for family members is simply not adequate justification for such egregious misconduct. Our honored profession is soiled by the conduct which has brought Karahalis to this day. If we do not act to cleanse the stain from our profession, we would depart from our oath and give the citizens of this state cause for concern.
Accordingly, Alan John Karahalis is hereby disbarred. The disbarment shall be effective thirty days from the filing of this opinion to provide Karahalis sufficient time to close out his practice and protect the interests of existing clients. If Kara-halis notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the disbarment effective immediately. Kara-halis shall accept no new business from the date this opinion is filed. Judgment is entered in favor of The Florida Bar, 650 *30 Apalachee Parkway, Tallahassee, FL 32399, for costs from Alan John Karahalis in the amount of $830.00, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and LEWIS, JJ., concur.
PARIENTE, J., dissents with an opinion, in which QUINCE, J., concurs.

. Karahalis was never charged with a criminal offense.

. Rule Regulating the Florida Bar 3-4.6 provides: "A final adjudication in a disciplinary proceeding by a court ... of another jurisdiction, state or federal, that an attorney licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule.”