921 So.2d 611 (2006)
THE FLORIDA BAR, Complainant,
v.
Wayne A. HAGENDORF, Respondent.
No. SC04-859.
Supreme Court of Florida.
February 2, 2006.
*612 John F. Harkness, Jr., Executive Director, John Anthony Boggs, Staff Counsel, and Tiffany Renee Collins, Bar Counsel, The Florida Bar, Tallahassee, FL, for Complainant.
Richard A. Greenberg, Tallahassee, FL, for Respondent.
PER CURIAM.
Wayne A. Hagendorf seeks review of a referee's report recommending that he be suspended for two years. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons expressed below, we approve the referee's report and suspend Hagendorf for two years as recommended.

BACKGROUND
Hagendorf is a member of the bars of Florida, California, Nevada, New York, and the District of Columbia. The Florida Bar instituted disciplinary proceedings against Hagendorf after he advised the Bar that he had been disciplined for misconduct by the Nevada Bar pursuant to a plea agreement. Hagendorf advised the Bar that he had been suspended for two months, but that "the circumstances underlying my suspension in Nevada were extremely unique." He stated he was "confident that the underlying facts would undoubtedly not have led to a suspension in this State under this State's ethical and disciplinary rules." He described his misconduct and the resulting disciplinary suspension as follows: "[T]he circumstances. . . were extremely unique and isolated to one specific matter which ultimately degenerated into multiple civil disputes among the parties and lawyers, bar pressure by opposing counsel who, coincidentally, is a Member of the State Bar of Nevada's Board of Governors, monetary payoffs (disguised as `restitution') to opposing parties, etc."
Following a formal hearing, the Florida referee made the following findings and recommendations:
Hagendorf leased office space from Mr. Dennis Duban, who owned an office building in Las Vegas. Hagendorf moved out *613 of his office after a dispute arose over the terms of his lease and brought suit against Duban. During the litigation, Hagendorf learned the title to the office building in which he had leased space was recorded in the name of Duban Professional Building, a California limited partnership, which did not actually exist. Duban had registered the name Jenni Office Plaza d/b/a Duban Professional Building in California, but failed to renew the registration.
Hagendorf created a California limited partnership called Duban Professional Building and named himself as the general partner. He then filed a quiet title action in Nevada district court for title to Duban's office building, asserting that his newly created partnership owned it. His legal theories of entitlement to the building claim jumping and contingent estate under Nevada lawwere meritless. He obtained an order for service by publication by misleading the district court concerning where the defendants could be found, although he knew Duban's counsel's name and address. Hagendorf ultimately obtained a default decree quieting title to the building and declaring his partnership the rightful owner. Hagendorf then sent letters to the property management company that managed the building and all of the building's tenants instructing them to submit payment of all future rents to his partnership. No rents were actually paid to Hagendorf's partnership. Duban, once he learned of the default decree, successfully moved to set it aside and asserted several counterclaims against Hagendorf. The Nevada court imposed sanctions against Hagendorf under Nevada's Rule of Civil Procedure 11 for engaging in frivolous litigation.
Duban filed a complaint with the Nevada Bar, which proceeded with a formal disciplinary complaint against Hagendorf. Hagendorf unsuccessfully moved to stay the disciplinary proceedings until the litigation between him and Duban concluded. He then filed suit in federal court in California against the Nevada Bar. That suit was eventually dismissed for lack of personal jurisdiction.
After a few continuances, Hagendorf filed a federal suit against the Nevada Bar in Nevada, which was eventually dismissed for lack of subject matter jurisdiction. Shortly before the new date of the formal hearing, Hagendorf retained new counsel, who asked for and received a continuance so that he could adequately prepare.
Thereafter, Hagendorf entered into a negotiated plea agreement with the Nevada Bar. He pled guilty to violating Nevada Supreme Court Rules 172 (candor toward the tribunal), 175 (relations with opposing counsel), 181 (truthfulness in statements to others), 203(3) (conduct involving dishonesty, fraud, deceit or misrepresentation), and 203(4) (conduct prejudicial to the administration of justice). Under the agreement, Hagendorf was to (1) be suspended for five months, all but sixty days of which was stayed; (2) pay Duban $25,000 by September 11, 2003, as a partial reimbursement for attorney's fees;[1] and (3) pay the Nevada Bar's costs up to $1,000. The Nevada Supreme Court approved the negotiated plea agreement, suspending Hagendorf for five months, all but sixty days of which was stayed.
Based on these facts, the Florida referee found Hagendorf guilty of violating rules 4-3.3 (candor toward the tribunal), 4-3.4 (fairness to opposing party and counsel), 4-4.1 (truthfulness in statements to others), *614 4-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and 4-8.4(d) (conduct prejudicial to the administration of justice) of the Rules Regulating the Florida Bar. The referee further found several mitigating and aggravating factors. The mitigating factors he found were: (1) absence of a prior disciplinary record; (2) full and free disclosure to The Florida Bar in the Florida disciplinary proceeding; and (3) imposition of other penalties and sanctions. The referee found the following aggravating factors: (1) dishonest or selfish motive; (2) bad faith obstruction of the Nevada Bar disciplinary proceeding; (3) substantial experience in the practice of law; and (4) indifference to making restitution. The referee recommended that the Court suspend Hagendorf for two years.
Hagendorf petitioned for review of the referee's report. He argued the referee erred in finding the aggravating factors of bad faith obstruction of the Nevada Bar disciplinary proceeding and indifference and to making restitution. He further argued the referee should have recommended the same discipline imposed by Nevada, a two-month suspension.

ANALYSIS
Neither of the parties challenges the referee's findings of fact concerning the underlying misconduct. We therefore approve those findings without further discussion.
Hagendorf takes issue with the referee's recommended discipline of a two-year suspension, arguing the Court should impose the same discipline imposed by Nevada. We disagree. This Court is ultimately responsible for imposing the appropriate sanction in bar disciplinary proceedings. Fla. Bar v. Miller, 863 So.2d 231, 235 (Fla.2003); see also art. V, § 15, Fla. Const. Even when the disciplinary proceedings are premised upon an adjudication of guilt in another state, this Court is free to impose a more severe punishment than the punishment imposed by the sister state. Fla. Bar v. Karahalis, 780 So.2d 27, 29 (Fla.2001).
Generally, the Court will not second-guess the discipline recommended by the referee as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. Miller, 863 So.2d at 235; Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999); Fla. Bar v. Lecznar, 690 So.2d 1284, 1288 (Fla. 1997). The two-year suspension recommended by the referee in this case has a reasonable basis in existing case law and the standards, even without the aggravating factors of bad faith obstruction and indifference to restitution, which Hagendorf argues do not apply.[2]
The case law supports the imposition of a two-year suspension. We have imposed lengthy suspensions for similar, if not identical, conduct. Like Hagendorf's case, some of these cases involved violations of rule 4-8.4(d) (conduct prejudicial to the administration of justice), which is a serious violation. See, e.g., Fla. Bar v. Rotstein, 835 So.2d 241, 246 (Fla.2002) (imposing a one-year suspension for creating back-dated letter to his client in violation of rule 4-8.4(d), among others; Court noted that in recent years it has "moved towards stronger sanctions for attorney misconduct" and that basic, fundamental dishonesty is a serious flaw which cannot be tolerated); Fla. Bar v. Nunes, 734 So.2d 393 (Fla.1999) (imposing a three-year *615 suspension for filing a frivolous lawsuit, continuing to represent clients after being discharged, making disparaging remarks about judges and opposing counsel, and making false representations to a tribunal in violation of rule 4-8.4(d), among others); Fla. Bar v. Klausner, 721 So.2d 720 (Fla.1998) (imposing a three-year suspension for forging signatures on documents submitted to the court and lying about the misconduct to the court and in a sworn statement to an investigator with the state attorney's office in violation of rule 4-8.4(d), among others); Fla. Bar v. Vining, 707 So.2d 670 (Fla.1998) (imposing a three-year suspension for misrepresentations in stipulation submitted to court while seeking funds in court registry in violation of rules 4-8.4(c) and 4-8.4(d)); Fla. Bar v. Segal, 663 So.2d 618 (Fla.1995) (imposing a three-year suspension for false statement in petition for discharge submitted to probate court); Fla. Bar v. Kleinfeld, 648 So.2d 698 (Fla.1994) (imposing a three-year suspension for false statements in affidavit seeking disqualification of judge in contempt hearing against attorney, a violation of rule 4-8.4(d), among others); Fla. Bar v. O'Malley, 534 So.2d 1159 (Fla.1988) (imposing a three-year suspension for false testimony in suit against attorney for return of bond collateral entrusted to him, and noting that disbarment would have been appropriate discipline if not for significant mitigating circumstances).
Hagendorf's misconduct more than warrants a two-year suspension. Indeed, were it not for the fact that the Bar agreed with the referee's recommendation, this Court might have disbarred him.

CONCLUSION
Wayne A. Hagendorf is hereby suspended from the practice of law for two years. The two-year suspension will be effective thirty days from the filing of this opinion so that Hagendorf can close out his practice and protect the interests of existing clients. If Hagendorf notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Hagendorf shall accept no new business from the date this opinion is filed until he is reinstated.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Wayne A. Hagendorf in the amount of $1,420.00, for which sum let execution issue.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Hagendorf was potentially liable to Duban for approximately $150,000 in attorney's fees at the time of the global settlement of the civil litigation and the Nevada Bar disciplinary proceeding.
[2] The referee found two other aggravating factors: (1) selfish or dishonest motive; and (2) substantial experience in the practice of law. Hagendorf does not challenge these findings.